**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Civil Action No. 17-1762 (ES) (SCM) |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| CRYSTAL FENTY DEY-EL, et al. | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff Wells Fargo Bank, N.A.'s[1] ("Wells Fargo") motion to remand this action to the Superior Court of New Jersey. (D.E. No. 9). This Court referred Wells Fargo's motion to the Hon. Steven C. Mannion, U.S.M.J., for a report and recommendation. The parties briefed Wells Fargo's motion, and Judge Mannion held oral argument. Thereafter, Judge Mannion issued a Report and Recommendation recommending that this Court grant Wells Fargo's motion. (D.E. No. 18 (the "R&R")). *Pro se* Defendant Crystal Fenty Dey-El ("Defendant") objected to Judge Mannion's R&R (D.E. No. 19 ("Def. Obj.")), and Wells Fargo responded to Defendant's objections. (D.E. No. 20). For the following reasons, the Court ACCEPTS Judge Mannion's recommended disposition and GRANTS Wells Fargo's motion to remand.

**I. LEGAL STANDARD**

"When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness*

---
[1] Wells Fargo Bank, N.A. is Trustee for the Holders of the Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-WMC1.

*Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)).[2] The district court may then "accept, reject or modify the recommended disposition . . . ." *Weber v. Mcgrogan*, No. 14-7340, 2016 WL 3381233, at *2 (D.N.J. June 9, 2016) (quoting Fed. R. Civ. P. 72(b)(3)). "Unlike an Opinion and Order issued by a Magistrate Judge on a non-dispositive matter, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it." *Id.* (citing *United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987)).

## II. DISCUSSION

### A. Background

The parties are familiar with the facts and procedural posture of this case, so the Court will be brief.[3] Wells Fargo seeks foreclosure of a mortgaged property owned by Defendant. (D.E. No. 1-4 ("Compl.") at 31-50). On August 18, 2016, Wells Fargo filed a residential Mortgage Foreclosure Complaint against Defendant and other individuals and entities in the Superior Court of New Jersey, Chancery Division, Essex County, alleging that the mortgage loan was in default. (*Id.*). Wells Fargo served Defendant with the Complaint on August 21, 2016. (*See* D.E. No. 9-3 ("Chamberlin Cert.") at Ex. A). On March 28, 2017, the Superior Court entered an Order for Final Judgment and a Writ of Execution. (*See* Chamberlin Cert. at Ex. B).

On March 13, 2017, Defendant removed the state foreclosure action to this Court. (D.E. No. 1-3 ("Removal Notice")). Defendant's Removal Notice relies on 28 U.S.C. § 1331 (federal

---

[2] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

[3] The Court relies on the allegations set forth in the pleadings and the motion record for purposes of resolving this motion only. For ease of reference, the cited page numbers in all docket-entry citations in this Memorandum Opinion correspond to those generated by the Court's ECF system.

question jurisdiction), as Defendant contends that Wells Fargo is a "debt collector" seeking to collect a "debt" under the Fair Debt Collections Practices Act ("FDCPA"). (*Id.* at 1-2). Defendant's Removal Notice also relies on 28 U.S.C. § 1332 (diversity jurisdiction). (*Id.* at 2). To that end, Defendant's Civil Cover Sheet states that Defendant is a "citizen or subject of a foreign country." (D.E. No. 1-5).

**B. The R&R and Defendant's Objections**

As Judge Mannion observed in his R&R, "Wells Fargo provides numerous reasons in support of remanding this action to state court." (R&R at 4; *see also* D.E. No. 9-1). Nevertheless, Judge Mannion focused his analysis only on the forum-defendant rule. (R&R at 4). The forum-defendant rule provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b)(2). Because Judge Mannion found that Defendant's domicile is New Jersey, and because Wells Fargo brought the foreclosure action in New Jersey, Judge Mannion concluded that "this action is subject to remand under the forum-defendant rule even if complete diversity exists." (R&R at 5). Judge Mannion did not address whether this case presents a federal question for purposes of 28 U.S.C. § 1331.

Defendant argues that Judge Mannion erred by not considering whether federal-question jurisdiction exists. (*See generally* Def. Obj.). Defendant cites a portion of a document included with the Removal Notice, called "Demand for Dismissal of New Jersey State / City Superior Court Action and Counterclaim" (D.E. No. 1), which appears to invoke federal-question jurisdiction. (*See* Def. Obj. at 2-5). Defendant also argues that diversity jurisdiction exists. (*See id.* at 7-8, 10). In particular, Defendant states: "I AM an Indigenous of this land and a Moorish American National

- 3 -

on this land. *I am NOT a state citizen*." (*Id.* at 7) (emphasis in original). Defendant also advances several arguments going to the merits of the foreclosure action, all of which appear to be inapplicable to Wells Fargo's remand motion. (*See id.* at 6, 9-12).

Accordingly, the Court will address whether federal-question jurisdiction or diversity jurisdiction exists in this case.

### C. Subject-Matter Jurisdiction

#### 1. Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." If, however, "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* § 1447(c).

"The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tolls Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The party seeking to remove an action "has the burden of proving that removal was proper." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

#### 2. Federal-Question Jurisdiction

Defendant contends that this action raises a federal question under 28 U.S.C. § 1331. Specifically, Defendant argues that this action falls under the FDCPA because Plaintiff is a "debt collector" seeking to collect a "debt" from "consumers," as those terms are defined under the FDCPA. (Def. Obj. at 2-3). According to Defendant, "[t]he New Jersey state court has no jurisdiction over consumer goods or a federally protected consumer under the [FDCPA] pursuant to Article III of the Constitution." (*Id.* at 2).

Defendant's argument has no merit. To determine if this action presents a federal question, the Court must look to see if the underlying state-court complaint presents a question of federal law. *See Green Tree Servs. LLC v. Dillard*, 88 F. Supp. 3d 399, 401 (D.N.J. 2015). In accordance with the well-pleaded complaint rule, the Court must look only to the claims and theories specifically alleged in the complaint. *Id.* at 402. Here, Wells Fargo's Complaint makes no mention of the FDCPA or any other federal statute. *See generally* Compl.; *see Green Tree Servs. LLC*, 88 F. Supp. 3d at 402 ("[T]he face of Plaintiff's Complaint contains no FDCPA or CCCDA claims, nor relies upon any other federal statute. Rather, Plaintiff's Complaint relies exclusively upon state law, and therefore provides no basis for federal question jurisdiction."); *see also Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (noting the "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"). Thus, based on the well-pleaded complaint rule, Wells Fargo's Complaint provides no basis for federal-question jurisdiction.

To the extent Defendant seeks to rely on potential defenses or counterclaims to invoke federal question jurisdiction, such arguments are unavailing. A case "may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Moreover, "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis" for federal-question jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

Accordingly, the Court finds that this action does not raise a federal question under 28 U.S.C. § 1331.

### 3. Diversity Jurisdiction

Judge Mannion found that remand is proper in light of the forum-defendant rule, which precludes removal (based on diversity jurisdiction) if one of the defendants is a citizen of the state in which the complaint was originally filed. (R&R at 4) (citing *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997) and 28 U.S.C. § 1441(b)(2)). Although Judge Mannion acknowledged Defendant's representations that "she is a citizen of a foreign nation"; "a Moorish American"; and "not a citizen of any state," Judge Mannion concluded that Defendant's "domicile is New Jersey, whether or not she recognizes herself as a citizen." (*Id.* at 5). Judge Mannion based his conclusion on the following factual findings:

- Defendant "was born in the territory of Newark, New Jersey and has resided in New Jersey her entire life";

- When Defendant "'subscribed' to voting, she was registered to vote in New Jersey";

- Defendant "has a New Jersey driver's license, residential address, and phone number";

- Defendant admitted in her Answer that "she is in possession of the home being repossessed."

*Id.* at 4-5.[4]

In her objections to the R&R, Defendant reiterates her representations that she is "an Indigenous of this land and a Moorish American National on this land" and "NOT a state citizen." (Def. Obj. at 7). But Defendant does not contest any of Judge Mannion's factual findings noted above. Based on the Court's independent review of the record and the arguments submitted in connection with Wells Fargo's remand motion, the Court concludes that Defendant's domicile is New Jersey and that the forum-defendant rule precludes removal on diversity grounds.

---

[4] For completeness, the Court notes that Wells Fargo's moving brief provides additional bases supporting Defendant's domicile in New Jersey. (*See* D.E. No. 9-1).

## III. CONCLUSION

For the foregoing reasons, the Court ACCEPTS Judge Mannion's recommended disposition and GRANTS Wells Fargo's motion to remand. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
